107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Thomas J. RICHARDSON, Defendant-Appellant.
 No. 96-1326.
 United States Court of Appeals, Second Circuit.
 Feb. 4, 1997.
 
 Appearing for Appellant: William M. Bloss, New Haven, Ct.
 Appearing for Appellee: Nora R. Dannehy, Ass't U.S. Att'y, D. Conn., Hartford, Ct.
 Present: KEARSE, CABRANES, Circuit Judges, and KELLEHER, District Judge*.
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is vacated and remanded.
 
 
 1
 Defendant Thomas J. Richardson appeals from a judgment of conviction entered in the United States District Court for the District of Connecticut following his plea of guilty before Alvin W. Thompson, Judge, to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, one count of mail fraud in violation of 18 U.S.C. § 1341, and one count of misappropriation by a fiduciary in violation of 38 U.S.C. § 6101. Richardson was sentenced principally to 24 months' imprisonment, to be followed by three years' supervised release, and was ordered to pay $2,892,607 in restitution. On appeal, he challenges his sentence, contending that the district court erred (1) in concluding that Richardson's submission of false accountings to a probate court violated a judicial order of process within the meaning of Guidelines § 2F1.1(b)(3)(B), and (2) in enhancing his sentence under Guidelines § 3A1.1 (1994) on the ground that Richardson knew that victims of his fraud were vulnerable. Though we reject Richardson's second contention, his first has merit in light of this Court's decision in United States v. Carrozzella, No. 96-1215, slip op. 1263, 1268-74 (2d Cir. Jan. 15, 1997).
 
 
 2
 In Carrozzella, we held, with respect to Richardson's codefendant, that the filing of false accounts in probate court does not constitute a violation of judicial process within the meaning of Guidelines § 2F1.1(b)(3)(B). Accordingly, the district court's enhancement of Richardson's offense level under that section for such conduct was error. The judgment must therefore be vacated, and the matter remanded for recalculation of Richardson's sentence without that enhancement.
 
 
 3
 We find no merit in Richardson's challenge to the district court's enhancement of his offense level under the vulnerable-victim provision, Guidelines § 3A1.1. Though we review a sentencing court's interpretation of the Guidelines de novo and its factual finding for clear error, see, e.g., United States v. Deutsch, 987 F.2d 878, 884-85 (2d Cir.1993), we must give "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e) (1994); see, e.g., United States v. Santiago, 906 F.2d 867, 871 (2d Cir.1990); United States v. Parker, 903 F.2d 91, 103 (2d Cir.), cert. denied, 498 U.S. 872 (1990). We will not overturn the court's application of the Guidelines to the facts before it unless we conclude that there has been an abuse of discretion. See, e.g., United States v. Santiago, 906 F.2d at 871.
 
 
 4
 The applicable version of § 3A1.1 provides that a defendant's offense level should be increased by two steps "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct...." Guidelines § 3A1.1; see also id. Application Note 1 ("This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant."). In the present case, the district court properly noted that § 3A1.1 applies where the defendant knew or should have known that a victim of the offense was an unusually vulnerable victim due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct. Application of this section to Richardson was supported by the district court's unassailable findings that one of the victims selected by Richardson was 71 years of age and relied on Richardson to assist her with her financial affairs; that Richardson knew that she did not understand the letters and other information she was receiving; that two other victims selected by Richardson were 64 or older, had 100 percent psychiatric disability and resided in nursing homes; and that Richardson, who was responsible for paying for the nursing home and medical care for each of these two, knew of each of these victims' vulnerability. We see no abuse of discretion in the court's application of the vulnerable-victim enhancement to Richardson.
 
 
 5
 We have considered all of Richardson's contentions on this appeal and, except as indicated above, have found them to be without merit. The judgment of the district court is vacated, and the matter is remanded for further proceedings in accordance with the foregoing.
 
 
 
 *
 Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation